**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50335 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01694-JLS |
| v. | |
| ROBERTO ANTONIO SANDOVAL, a.k.a. Robert Antonio Sandoval, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted December 17, 2018[**]

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Robert Antonio Sandoval appeals from the district court's judgment and

challenges the 97-month sentence imposed following his guilty-plea conviction for

receipt of images of minors engaged in sexually explicit conduct, in violation of 18

U.S.C. § 2252(a)(2). We have jurisdiction under 28 U.S.C. § 1291. As Sandoval

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

did not object to his sentence on procedural grounds before the district court, we review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and we affirm.

Sandoval claims the district court procedurally erred by failing to appreciate its discretion to vary downward on the basis of a policy disagreement with the United States Sentencing Guidelines, pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007). Sandoval also argues that the district court procedurally erred by not considering various arguments he tailored to the 18 U.S.C. § 3553(a) sentencing factors. Because the district court recognized its ability to impose a below-Guidelines sentence, yet indicated it "[did] not have, in fact, a policy disagreement with [the Guidelines]," *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011), it did not err. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752-53 (9th Cir. 2011) (no procedural error where a sentencing court noted the advisory nature of the Guidelines and considered a policy-based challenge thereto).

The record reflects that the district court considered Sandoval's § 3553(a) arguments and adequately explained its decision to reduce his total offense level by one point and to impose a 97-month sentence. *See United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (en banc) (no procedural error where a sentencing judge "stated that he reviewed the [sentencing] papers [and] the papers discussed the

applicability of the § 3553(a) factors"); *United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008) (no procedural error where the presentence investigation report and the record as a whole demonstrated that the district court heard and rejected a defendant's § 3553(a) arguments).

**AFFIRMED.**